**UNITED STATES of America, ex rel. Jack Obeydean SWAFFORD, also known as Dean J. Swafford, Plaintiff–Appellant,**

v.

**BORGESS MEDICAL CENTER, a nonprofit Michigan corporation; Advanced Vascular Surgery, P.C., a Michigan professional corporation, Jain Krishna, M.D.; John Munn, M.D.; Eugene Simoni, M.D.; John T. Collins, Jr., M.D. and Randy Smejkal, M.D., P.C., Jr., M.D., a Michigan corporation; John T. Collins, Jr., M.D.; Randy Smejkal, M.D.; James McLaren, M.D.; Healthcare Midwest Gener-**

al & Surgeons, also known as Healthcare Midwest, P.C., a Michigan corporation; Mark Tagett, M.D.; Philip Borozan, M.D.; Solomon K. Samuels, M.D., P.C., a Michigan corporation; Solomon K. Samuels; Padraic Carmody, M.D.; Vascular Specialists, P.C., a Michigan corporation; Karim Abedel Abushmaies, M.D.; M. Abidur Rahman, M.D., jointly and severally, Defendants–Appellees,

and

**Bronson Methodist Hospital, a nonprofit corporation, Defendant.**

No. 00–1288.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2001.

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

OPINION

PER CURIAM.

Jack Obeydean Swafford, a/k/a Dean J. Swafford, appeals the district court's summary judgment of his qui tam complaint against defendants, under the False Claims Act, 37 U.S.C. § 3729, on behalf of the federal government. We review de novo the district court's grant of summary judgment. *See Campbell v. Grand Trunk W. R. Co.,* 238 F.3d 772, 775 (6th Cir.2001). We affirm for the reasons stated in the district court's opinion.

On the record before us, we find no error in the granting of summary judgment:

1) Services falling below a requisite standard of care, without more, is insufficient to state a claim for government reimbursement of venous ultrasound testing services. *See, e.g., Hagood v. Sonoma County Water Agency,* 81 F.3d 1465, 1478 (9th Cir.1996).

2) The venous ultrasound reports were not knowingly fraudulent. *See, e.g., Hindo v. University of Health Sciences,* 65 F.3d 608, 613 (7th Cir.1995).

3) Disputes as to the interpretation of regulations do not implicate False Claims Act liability. *See, e.g., Hagood,* 81 F.3d at 1477.

**AFFIRMED.**